O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>            Plaintiff,<br><br>     v.<br><br>FORTUNE G. SMITH,<br><br>            Defendant. | Case No. 2:15-cv-01790-ODW(FFMx)<br><br>**ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT** |

## I.   INTRODUCTION

Plaintiff moves to remand this action to the Los Angeles County Superior Court for lack of subject matter jurisdiction.  For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.[1]  (ECF No. 8.)

## II.   FACTUAL BACKGROUND

U.S. Bank's claim arose following a non-judicial foreclosure sale of property located at 14922 Kittridge Street, Van Nuys, California 91405.[2]  (Mot. 3.)  On October

---

[1] After carefully considering the papers, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7-15.

[2] In the Notice of Removal, Defendant erroneously listed the address at issue as that of the Santa Monica Courthouse, but listed the Kittridge address on the federal civil case cover sheet.  The Court

29, 2014, U.S. Bank served Fortune G. Smith with a three-day notice to quit. (RJN 18.[3]) The three-day notice advised that additional protections may exist under the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"). (*Id.* at 15.) The PTFA is a federal law.

On November 12, 2014, U.S. Bank initiated a residential unlawful detainer action against Smith in the Los Angeles County Superior Court, case number 14R11906. (RJN 4.) On or about December 23, 2014, service of the summons and complaint was complete. (Mot. 4.) On January 29, 2015, Smith filed an Answer with the state court denying that U.S. Bank is entitled to possession of the property. (Not. 2; Mot. 4.) On March 11, 2015, Smith removed the action to federal court, alleging federal question subject matter jurisdiction. (Not. 3) Smith did not have counsel at the time she removed the instant action to federal court. She has not retained counsel at this time. On April 28, 2015, U.S. Bank filed a Motion to Remand the instant action. (Mot.) Smith did not oppose.

### III.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction. U.S. Const. art. III, § 2, cl. 1; *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal to a federal district court is proper where the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). However, the removal statute is strictly construed against removal jurisdiction, and any doubts about jurisdiction are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (per curiam). The party seeking removal bears the burden of establishing federal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039 (9th Cir. 2009) (citing *Gaus*, 980 F.2d at 566).

///

---

understands the property at issue to be located at 14922 Kittridge Street, Van Nuys, California 91405.
[3] The Court takes judicial notice to the extent it relies on the documents attached to the RJN.

## IV. DISCUSSION

### A. Timeliness of Removal

Removal is timely if "filed within [thirty] days after the receipt by the defendant, through service or otherwise," of the complaint. 28 U.S.C. § 1446(b).

Here, Defendant Smith's removal was untimely. Defendant asserts "[t]his Notice of Removal is timely filed," but fails to provide dates establishing timeliness. Plaintiff U.S. Bank asserts service of the Complaint was complete "on or about December 23, 2014." (Mot. 4.) Defendant does not allege that service occurred at any other time and did not oppose Plaintiff's Motion. Because Defendant did not oppose the instant Motion, the Court finds service effective as of December 23, 2014. Defendant removed the action on March 11, 2015, seventy-eight days later. Even if Defendant did not receive the Complaint until January 29, 2015, the same date she filed her Answer, removal on March 11, 2015, forty-one days later, still falls outside of thirty days. The Court finds that, because Defendant removed the case more than thirty days after receipt of the Complaint, removal was untimely.

Normally, untimely removal is a fatal procedural defect and the Court may remand on that basis alone. However, here, Defendant acted pro se and may not have been aware of the procedural requirements for removal. Still, even if Defendant's removal were timely, additional grounds exist for remand.

### B. Subject Matter Jurisdiction

In the Notice of Removal, Defendant alleges only federal question jurisdiction. However, Defendant is pro se and, in an abundance of caution, Plaintiff's Motion contends the Court lacks jurisdiction under either federal question or diversity jurisdiction. Therefore, the Court addresses both grounds for jurisdiction.

*1. Federal Question Jurisdiction*

A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law "only when the plaintiff's statement of his own cause

of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).  Alleged defenses do not create a federal question basis for removal, even if the plaintiff's complaint anticipates the defense.  *Id.* at 60; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10-12 (1983).

Plaintiff asserts only a state law cause of action in its Complaint for unlawful detainer under California Civil Procedure Code section 1161a.  The summons and state court civil case cover sheet both only indicate a state law residential unlawful detainer cause of action.  Defendant's removal erroneously relies on the PTFA.  Defendant contends that Plaintiff's Complaint referenced the notice to quit, which in turn referenced the PTFA, and therefore the PTFA establishes a basis for federal question jurisdiction.

The PTFA "was intended to provide a defense in state eviction proceedings rather than a basis for offensive suits in federal court." *Logan v. U.S. Bank Nat'l Assoc.*, 722 F.3d 1163, 1173 (9th Cir. 2013).  Thus, Congress did not intend the PTFA to provide a basis for federal subject matter jurisdiction.  Further, even if the PTFA provided a *federal defense* to Plaintiff's cause of action, defenses do not create a *federal question basis for removal*.

*2.    Diversity Jurisdiction*

A district court has diversity jurisdiction where complete diversity exists between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Defendant does not assert citizenship.  Defendant bears the burden to establish jurisdiction, and has failed to meet that burden as to diversity.  Plaintiff's Complaint expressly states the action is a limited civil case with an amount in controversy under $10,000.  Further, Plaintiff waived any amount in excess of the Court's jurisdiction in Plaintiff's Motion.  (Mot. 4, 6.)  Defendant did not oppose Plaintiff's Motion or otherwise dispute Plaintiff's asserted amount in controversy.  Therefore, the amount in

4

controversy fails to meet the requirement for diversity jurisdiction. Thus, the Court does not possess diversity jurisdiction in this action.

## V.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 8.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

June 1, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**